IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY RUBY,** ) | C.A.No. 15-cv-37ERIE |
|     **Plaintiff** ) | |
| ) | Re: Motion for Reconsideration[1] |
| vs. ) | ECF No. 95 |
| ) | |
| **DR. CRAIG RUSH, et al,** ) | |
|     **Defendants.** ) | |

**MEMORANDUM OPINION**

District Judge Susan Paradise Baxter[2]

### I. Relevant Procedural History

Plaintiff seeks reconsideration of a Memorandum Opinion dismissing claims against (1) Defendants Dr. Stillman, Dr. Rush, Quinn, Zeiber, and Stairways Behavioral Health based on Plaintiff's failure to exhaust his administrative remedies; (2) Defendant Holman based on Plaintiff's failure to exhaust and failure to allege personal responsibility; and (3) Defendant Erie County Prison based on Eleventh Amendment immunity. See ECF No. 64; ECF No. 65.[3]

---

[1] Because of an error in docketing, several pending motions were terminated following a stay in these proceedings and were not re-activated upon the lift of the stay.

[2] The parties consented to have a United States Magistrate Judge exercise jurisdiction over this matter. 28 U.S.C. § 636, et seq. When this case was initiated and originally assigned by the Clerk of Courts, the undersigned was a Magistrate Judge's. On September 14, 2018, the undersigned was elevated to the position of United States District Judge and this case remained assigned to her.

[3] Defendants Rush, Holman, and Erie County Prison, and Stillman have each filed a brief in opposition to Plaintiff's motion for reconsideration. ECF No. 101; ECF No. 102; ECF No. 103.

1

**II.     Standard of Review**

A motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule 59(e) or as a motion for relief from judgment under Federal Rule 60(b). Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (recognizing that a motion for reconsideration is usually the "functional equivalent" of a motion to alter or amend judgment under Rule 59(e)). See also United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999)."'Because federal courts have a strong interest in finality of judgments,'" "[m]otions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly." Jacobs v. Bayha, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) Supp. Furthermore, Rule 60(b)(6) provides "extraordinary relief" only available in "exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).

The moving party bears a heavy burden to show that an order should be reconsidered and the Court will only grant such a motion if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Lazardis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999).

It follows from the remedial purpose of a motion for reconsideration that the standard of review relates back to the standard applicable in the underlying decision. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). Because the dispositive motions were originally

analyzed under Rule 12, it is through the lens of Rule 12 that this Court addresses the motion for reconsideration.[4]

### III. Plaintiff's Motion

Plaintiff makes three arguments in support of his motion for reconsideration. First, Plaintiff argues that this Court erred by centering its exhaustion analysis around only four grievances, instead of six grievances. Second, Plaintiff argues that Defendant Holman was personally involved in the alleged constitutional violations. And, finally, Plaintiff argues that the Erie County Prison is not entitled to immunity under the Eleventh Amendment. ECF No. 95.

Plaintiff's second and third contentions seek to reargue arguments made originally. Such a disagreement does not warrant the granting of the motion for reconsideration under either Rule 59(e) or Rule 60(b). See In re Avandia Marketing, Sales Practices & Products Liability Litig., 2011 WL 4945713, at *1 (E.D. Pa. Oct. 14, 2011) (reconsideration is not permitted to reargue matters the court already resolved or relitigate points of disagreement between the court and the moving party); Kennedy Indus., Inc. v. Aparo, 2006 WL 1892685, at *1 (E.D. Pa. Jul.6, 2006) (a litigant who "fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one.").

---

[4] A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

3

Plaintiff's first argument is based on "the need to correct a clear error of law or fact or to prevent a manifest injustice." Lazardis, 591 F.3d at 669. Plaintiff's burden is especially heavy in this regard. Mpala v. Smith, 2007 WL 136750 (M.D. Pa. Jan. 16, 2007).

In this Court's prior opinion, the claims against Defendants Dr. Stillman, Dr. Rush, Quinn, Zeiber, and Stairways Behavioral Health were dismissed based on Plaintiff's failure to exhaust any claim arising out of his mental health care and treatment. ECF No. 64, page 9. In dismissing these Defendants (all identified by Plaintiff as mental health professionals), this Court held that Plaintiff had "filed four grievances" and specifically mentioned Grievances numbered 1559-1562. Id. In making this determination, this Court reviewed the affidavit of Deputy Warden Holman, as well as the four Grievances 1559-1562. ECF No. 9-2, ¶ 14 ("With respect to his grievance history, Anthony Ruby filed four separate grievances regarding prison life and the medical treatment he received while incarcerated in the Erie County Prison."); ECF No. 9-5 through 9-8.

In his motion for reconsideration, Plaintiff now claims that two other grievances should have been reviewed by this Court: Grievances numbered 1557 and 1558. Because these two grievances were in the record at the time of the Opinion and Order, but were not specifically referenced in the Opinion and Order, this Court will grant the motion for reconsideration to articulate its view on this finite point.

The subject matter of Grievance 1557 is irrelevant to the legal claims arising out of Plaintiff's mental health treatment, and so, need not be analyzed. Grievance 1558, however, may be liberally construed to include legal claims arising out of Plaintiff's mental health treatment. Plaintiff's statement in Grievance 1558 that the "Medical Department … continuously refuse to help me with mental health issues I have begged for help with …" suggests that Plaintiff sought

4

to grieve an alleged lack of mental health treatment. Even so, Plaintiff has not shown that he properly and fully exhausted Grievance 1558 through both levels of review.[5]

Yet even if Plaintiff properly and fully exhausted Grievance 1558, all claims arising out of Plaintiff's mental health treatment are time barred by the two-year statute of limitations as Grievance 1558 is dated September 17, 2012 and Plaintiff filed his original complaint on December 5, 2014.

An appropriate Order follows.

---

[5] The Erie County Prison Defendants, as well as Defendant Rush, argue that there is no record of Grievances 1557 and 1558, that these two grievances are likely fabricated, and were never submitted to prison staff for processing. ECF No. 102, page 4. Any question of authenticity will require a more fully developed record and possibly an evidentiary hearing pursuant to Small v. Camden County, 728 F.3d 265, 269 (3d Cir. 2013).