IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANTHONY RUBY, | ) | C.A.No. 15-cv-37ERIE |
| Plaintiff | ) | |
| | ) | Re: Motion to dismiss |
| vs. | ) | ECF No. 105 (Dr. Peterson) |
| | ) | |
| DR. CRAIG RUSH, et al, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

District Judge Susan Paradise Baxter[1]

Presently before the Court is a motion to dismiss by Defendant Dr. Gary Peterson, of the negligence and constitutional claims brought against him by Plaintiff Anthony Ruby.[2] Plaintiff advances legal claims arising out of his incarceration at Erie County Prison from May through December 2012. Plaintiff has named many Defendants, but the only claims against Dr. Peterson are a negligence claim based on the failure to diagnose and treat Plaintiff's "multiple medical disorders" and a claim under 42 U.S.C. § 1983 claiming that all named Defendants exhibited deliberate indifference to his medical and psychiatric needs and dietary restrictions in violation of Plaintiff's "Eighth Amendment" rights.

The short complaint offers few factual allegations beyond the following. At the time of his commitment to Erie County Prison as a pretrial detainee, Plaintiff alleges that he provided

---

[1] The parties consented to have a United States Magistrate Judge exercise jurisdiction over this matter. 28 U.S.C. § 636, et seq. When this case was originally assigned by the Clerk of Courts, the undersigned was a Magistrate Judge. On September 14, 2018, the undersigned was elevated to the position of United States District Judge and this case remained assigned to her.

[2] *Pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

1

information about his medical history, a list of medications taken for his mental health and medical conditions, dietary restrictions, and other related information. Plaintiff claims his medical history included depression, irritable bowel syndrome, colitis, chronic fatigue sciatica, neck, and arm pain because of herniated discs in his cervical spine, stomach ulcers, psoriasis, arthritis, sinusitis, and multiple food allergies/intolerances. Plaintiff claims he was on the following prescription medications: Celexa, Celebrex, Zanax, Lortabs, Loprimide, Flonase, Asiphex, Colozol, and Flexeril, as well as four cans of Ensure protein drink per day. Plaintiff alleges that despite this information, he was refused an appointment with his outside neurosurgeon, denied medications, special diet, and physical therapy, suffered physical pain, mental anguish, and hunger causing him to lose 25 pounds and to attempt suicide. ECF No. 1-2.

Dr. Peterson's motion to dismiss[3] will be reviewed under the *Twombly/Iqbal*[4] standard.

**The Constitutional Claim**

Dr. Peterson argues that Mr. Ruby's § 1983 claim should be dismissed because he fails to state a constitutional claim. A pretrial detainee's claim of inadequate medical treatment must be assessed under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment prohibition against cruel and unusual punishment. See Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003). Even so, a pretrial detainee's claim is still analyzed under the standard established in Estelle v. Gamble, 429 U.S. 97 (1976). A constitutional violation occurs only when prison officials are deliberately indifferent to an

---

[3] ECF No. 105. Plaintiff filed an Opposition brief at ECF No. 108.

[4] A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim for relief that is plausible on its face" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

2

inmate's serious medical needs. Id. A claimant must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. This indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that leads to suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Plaintiff alleges that Dr. Peterson, as Erie County Prison's doctor, failed to provide medical and psychiatric treatments that had been "prescribed by" Plaintiff's outside physicians before his incarceration. ECF No. 1-2, ¶ 54. These treatments included surgery for multiple herniated discs in his cervical spine as diagnosed by Dr. Daniel Mucchio and physical therapy for neck pain and upper extremity weakness. Id. at ¶¶ 17-22.

Mr. Ruby's factual allegations are sufficient to survive a motion to dismiss on this deliberate indifference claim. See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Though conclusory, Plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. While proving his allegations is far removed from pleading them, Plaintiff will be allowed to pursue discovery on this claim. The question on a motion to dismiss is not whether the plaintiff will prevail in the end. Rather, the question "is whether the plaintiff is entitled to offer evidence in support of his or her claims." Swope v. City of Pittsburgh, 90 F. Supp. 3d 400, 405 (W.D. Pa. 2014) citing Oatway v. Am. Int'l Grp., Inc., 325 F.3d 184, 187 (3d Cir. 2003).

Many of the events listed in Plaintiff's complaint will be time barred by the two-year statute of limitations on § 1983 claims. Plaintiff's original complaint was filed on December 5, 2014[5] so only constitutional violations which allegedly occurred after December 5, 2012 are within the statute of limitations.

**The Professional Negligence Claim**

Dr. Peterson moves for dismissal of the negligence claim based on Plaintiff's failure to file a Certificate of Merit mandated by Pennsylvania Rule of Civil Procedure 1042.3. Because a federal district court addressing common law negligence claims must apply the law of the state in which the alleged tortious conduct occurred, Plaintiff's negligence claim must be dismissed.

Rule 1042.3 requires the filing of a Certificate of Merit within sixty days of filing a complaint. Pa.R.Civ.P. 1042.3(a). This requirement has been held to be substantive law that must be applied by federal courts, and is applied to actions filed by incarcerated and pro se plaintiffs. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011); Crawford v. Millen, 660 Fed.App'x 113, 116 (3d Cir. 2016) (failure to comply with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure is fatal to prisoner's claims of malpractice and professional negligence); Bennett v. PrimeCare Medical, Inc., 2018 WL 6072126, at *10 (M.D. Pa. Sept.14, 2018).

The burden is on a plaintiff to meet all requirements of Rule 1042.3, and in those instances when a plaintiff requires additional time to obtain a Certificate of Merit, the Rule allows the court to extend the time for filing a certificate of merit "for a period not to exceed

---

[5] This date gives Plaintiff the benefit of the prison mailbox rule which provides that "a document is deemed filed on the date it is given to prison officials for mailing." Moody v. Conroy, ___ Fed.App'x ___, 2019 WL 351202, at *2 (3d Cir. Jan. 28, 2019) ("In the absence of evidence to the contrary, courts may conclude that an inmate places a filing in the hands of prison authorities for mailing on the date that it is signed.").

sixty days." Rule 1042.3(d). Mr. Ruby has been aware of the requirement that he file Certificates of Merit since March 2015 (see ECF No. 13) and he has failed to do so. This Court has given Mr. Ruby several extensions of time and even ordered the Clerk of Courts to search for counsel to represent him. ECF No. 65; ECF No. 76; ECF No. 94; ECF No. 99.

Rather than file a Certificate of Merit, Plaintiff filed a "Certification that a Certificate of Merit is not Necessary" stating: "for the record … there are no exceptional circumstances in this action, and that any 'expert testimony' of any licensed professional is unnecessary for the prosecution of this claim." ECF No. 118. This "Certification" was filed on January 25, 2018, well beyond the sixty dates stated in Rule 1042 or any other date to which the Court allowed an extension. See ECF No. 99 (last date for filing Certificate of Merit extended to April 20, 2017).

Plaintiff has failed to follow the procedures mandated by Rule 1042.3 and for that reason his negligence claim against Dr. Peterson will be dismissed.[6]

An appropriate Order follows.

---

[6] The factual scenario laid out here is precisely the type of case in which an expert statement is necessary because Mr. Ruby alleges he suffered from multiple serious physical and mental conditions and was taking many different medications.